FILED
JAMES J. VILT, JR. - CLERK
APR 09 2025
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA

v.  No. 5:24-cr-22

THOMAS WOOLLACOTT

\* \* \* \* \*

## JURY INSTRUCTIONS

Members of the jury, now I will instruct you about the law that you must follow in deciding this case. These instructions have three parts. First, we will discuss your duties and the general rules that apply in every federal criminal case. Second, I will explain the legal elements, or issues, that you must address to decide whether to convict the Defendant for the offenses he is accused of committing. Then I will pause, and you will hear the lawyers give their closing arguments—but remember that those do not bind you like my instructions do. Third, and finally, I will talk to you about how you jurors, as a group, will deliberate and decide this case.

### I.   DUTIES OF THE JURY

You have two main duties as a juror. The first is to decide what the facts are. You must make this decision based on the evidence that you saw and heard here in Court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to apply the law, as I explain it, to those facts that you found. My job is to instruct you about the law. You are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What the judge says about the law controls.

Please work hard to perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The parties, lawyers, and I expect that you will carefully and impartially consider all of the evidence, follow the law as I give

it to you, and reach a just verdict—regardless of the consequences.

You are to consider only the evidence in this case. Unless I instruct you otherwise, that evidence consists of the sworn testimony of the witnesses (regardless of who called them), all exhibits received in evidence (regardless of who offered them), and all facts and events that may have been admitted or agreed to.

Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times should help you understand the evidence, but is not itself actually evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence, like the testimony of an eyewitness, which (if you believe it) would directly prove a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply evidence that tends to prove a fact indirectly. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could infer that it was raining. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### Opinion Testimony

You heard some testimony that came in the form of a witness's opinion. You do not necessarily have to accept the opinion of a witness. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached that conclusion. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### Presumption of Innocence, Burden of Proof, and Reasonable Doubt

The Defendant has pled not guilty to the crimes charged in the indictment. An

indictment is not evidence; it is just the formal way that the Government tells a Defendant what crime he is accused of committing.

This Defendant, like all defendants, starts trial with a clean slate, and without any evidence at all against him. It is not up to him to prove that he is innocent; it is up to the Government to present evidence that overcomes this presumption. This burden stays on the Government from start to finish. This means that the Defendant has no obligation to present any evidence at all.

The Government has the burden of proving its case against the Defendant "beyond a reasonable doubt." A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, from the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, but doubts based purely on speculation are not reasonable. Proof beyond a reasonable doubt means proof that is so convincing you wouldn't hesitate to rely and act on it in making the most important decisions in your own lives.

For you to find the Defendant guilty, you must decide that the Government has proved each element of a charged offense beyond a reasonable doubt. If you are convinced of this, then return a guilty verdict. If you are not convinced the Government has proved each element beyond a reasonable doubt, then return a not guilty verdict for that offense.

### Other Acts of the Defendant

You have heard testimony that the Defendant committed acts other than the ones charged in the indictment. Remember that the Defendant is on trial here only for the two counts charged in the indictment, not for anything else. Do not return a guilty verdict unless the Government proves the crimes charged in the indictment beyond a reasonable doubt.

### Election Not to Testify or Present Evidence

This Defendant, like all defendants, has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations. As I just explained, it is up to the Government to prove the Defendant is guilty beyond a reasonable doubt—not up to the Defendant to prove that he is innocent.

### Objections

The lawyers for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers are free and sometimes obligated to object if they think that something is harmful and not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial. Please do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

## II. RULES OF LAW

The Defendant is on trial only for the particular crimes charged in the indictment: two counts of threatening a federal official. Your job is limited to deciding whether the Government has proved the crimes charged.

The number of charges is not evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on the other charge.

### Counts 1 & 2: Threatening a Federal Official

Count 1 charges that on March 23, 2024, in the Western District of Kentucky, the Defendant, Thomas Woollacott, threatened to assault and murder a United States official within the meaning of 18 U.S.C. § 115(c)(4), with the intent to impede, intimidate, or interfere with such official while he was engaged in the performance of his official duties or with the intent to retaliate against that official on account of the performance of his official duties.

Count 2 charges the Defendant, Thomas Woollacott, of committing the same offense on a different date—April 12, 2024. The same instructions, which I'll explain next, apply to both charges. But you must independently assess the evidence and reach a separate decision with respect to each individual charge.

For you to find the Defendant guilty, you must be convinced that the Government has proved each of the following elements, beyond a reasonable doubt, for a given charge:

1. The Defendant threatened to assault or murder Andy Barr;

2. At the time of the alleged threat, Andy Barr was a United States official, specifically a Member of Congress; and

3. The Defendant did so with the intent to impede, intimidate, or interfere with Andy Barr while he was engaged in the performance of his official duties as a Member of Congress, or that the Defendant did so with the intent to retaliate against Andy Barr on account of the performance of his official duties.

As to the first element, to find the Defendant made an unlawful threat you must find that he made a serious statement expressing an intention to inflict bodily harm on a particular person. That threat, moreover, must have been one that a reasonable observer would perceive to be authentic. Under the circumstances, the statement must have been one that would cause a reasonable observer to consider it to be a true threat, and not just idle or careless talk, exaggeration, or something said in a joking manner. Vehement, scathing, and offensive criticism of public officials; political exaggeration and expression of opinion; and mere advocacy of the use of force or violence are not necessarily unlawful threats.

The Government must prove that the Defendant conveyed that he meant to commit an act of unlawful violence or consciously disregarded a substantial risk that his communication would be viewed as threatening violence. The Government need not prove, however, that the Defendant intended to carry out the threat or was capable of carrying out the threat when it was made. Nor that the targeted individual knew about the threats against him. To qualify as an unlawful threat, a statement need not be communicated directly to the targeted individual.

As to the second element, the Government must prove that at the time of the alleged threat, the targeted individual was a United States official. The parties agree that a Member of Congress qualifies as a United States official.

As to the third element, the Government must prove beyond a reasonable doubt either that the Defendant had the intent to impede, intimidate, or interfere with Andy Barr while he was engaged in the performance of his official duties as a Member of Congress, or that the Defendant did so with the intent to retaliate against Andy Barr on account of the performance of his official duties.

If you are convinced that the Government has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict with respect to that charge. Then separately consider the evidence and these instructions regarding the other charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of that charge.

### III. JURY DELIBERATIONS

When you go back to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will serve as your spokesperson when you return from the jury room back here to the courtroom.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of evidence presented at trial. But you should not rely on the notes as definitive fact or as evidence. Juror notes do not necessarily carry any greater weight than memory. And a juror's memory unaided by notes is just as significant as a juror's memory that is not. Jurors should not be influenced by another juror's notes.

Once you start deliberating, talk about the case only with other members of the jury—not with the security officer, or me, or anyone else. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the security officer. He will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another with a view to reaching an agreement, if you possibly can do so without going against your individual judgment. You must each decide this case for yourself, but only after you impartially consider the evidence with your fellow jurors. During your deliberations, if you become convinced your own view is wrong, do not hesitate to reexamine your views and change your opinion. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict.

The security officers will deliver copies of these instructions to you in the jury room. When you have reached a unanimous agreement, the foreperson should complete the verdict form attached to his or her instructions in accordance with the jury's verdict; the rest of the jurors do not need to fill out the verdict form, although you must all agree with the jury's verdict as reflected on the foreperson's form. Once the jury has made its decisions and the foreperson has recorded them, he or she should write the date, sign the verdict form on behalf of the jury, and tell the officer. Then you will return as a group with your verdict to the courtroom.

If you decide that the Defendant is guilty, then it will be my job to decide what the appropriate punishment should be. You may not consider punishment in reaching your verdict—only whether the Government has met its burden of proof.